May it please the Court, Albert Chow on behalf of the petitioner, Renghai Yu. Your Honors, this is an asylum case wherein the main issue is whether or not the petitioner suffered past persecution. This is also a case in which the facts of this case are not in dispute. The facts are these, is that the petitioner had three children, two of which were considered extra births, and a violation of China's one-child policy. Because of these extra births, he was fined 9,000 RMB, he was threatened by Chinese government officials, and eventually his wife was taken away by government officials and forcibly sterilized. In addition to that, or afterwards, he was levied an additional 10,000 RMB fine, which he refused to pay. The Board's decision, and in this case, in my estimation, the findings and also the analysis was flawed. The Board seemed to take these acts as single, isolated incidents, and we believe that they should have been taken cumulatively. In the Board's decision, it simply states the wife was sterilized, this is not persecution, he was fined, this is not persecution, he was threatened, this is not persecution. These must be taken cumulatively. They all must be added together and then decide whether or not this is past persecution or not. Aren't there other facts that matter here, though? The fact that this all occurred around, what, 1991, 92? And then, if I understand it correctly, he remained in China for 10 years. There wasn't any other evidence of persecution during that 10-year period. And then, in no effort to collect this extra fine, and then he comes to the United States in 2002. There's no evidence that the family has been subjected to any additional harassment. I mean, aren't, when you talk about cumulative, aren't we also to consider all of that? Yes, Your Honor, and I believe that the case of Chiu v. Gonzales is on point in this case. In that court, the Ninth Circuit viewed sterilization as not a one-time or forcible sterilization as not a one-time discrete act, but as what they termed a permanent and continuing act of persecution. And what they said was that this was persecution not merely to the person that was forcibly sterilized, but persecution to the couple. And they stated that because of that, the couple was deprived of what they, quote, unquote, the natural fruits of conjugal life and the society and comfort of children that might have eventually been born to them. And so I believe in this case, and, again, the court in Chiu also stated that this is not simply akin to a jail term, a severe beating, or anything of that nature, but, again, a permanent and continuing act of persecution. Counsel, I think you need to address Zhang. That's really the controlling standard now. And I don't see your client's case as rising nearly to the level of what we said there was necessary to constitute other resistance. That's really the standard now. Yes, Your Honor, and I understand that. In the case in Zhang, the facts of the case were, is that the, well, the petitioner's wife was forcibly, was subject to a forced abortion, a 5,000 RMB fine. He was detained for one day and I believe expelled from school. In my estimation, in this case, the petitioner's circumstances are much worse. It was not simply just a forced abortion, which, although horrible, one can certainly have more pregnancies and hopefully more children, but in this case, we're talking about a forced sterilization where they cannot have any more children. In addition to that, he was fined twice, 9,000 and also 10,000, as well as various other threats. And so we believe that. Various, what other threats? He was, well, essentially when he at first was levying the 9,000 RMB fine, he had refused to pay it. Right. And then he had been threatened and then he. Paid it. Paid it, yes. Then he got another one, didn't pay it, lived for 10 years with no repercussions whatsoever as far as we can tell now. That's true. There were no other repercussions. So. That is correct. Okay. So why, I mean, I guess I'm looking for evidence that would meet our other resistance standard and I just am having a hard time seeing how being levied a fine, not paying it, and then just going for 10 years with nothing happening to you, rises to the level of what we've set for other resistance. Well, and, Your Honor, in the case of Zhang, when they were talking about the, quote, unquote, other resistance portion is that Zhang's life reflected a series of events that reflected persistent defiance of the one-child policy. And we believe that that is also present in this case. He had a series of events in which he persistently defied the one-child policy in having two children against the one-child policy and then essentially refusing to pay the fine but eventually conceding to the fine and then having his wife forcibly sterilized. Yes, he had, I guess, 10 years in which he said he fled and, you know, I guess did not, nothing had occurred. But, again, if you go back to what Chu said is that this forced sterilization is a continuing and permanent act of persecution. And so we believe that that, the persecution that he suffered, notwithstanding what happened afterwards, we believe that that in and of itself is enough. You think in a case involving forced sterilization as opposed to forced abortion, the male, the husband, I guess, if you want to say, the male partner doesn't have to show the other resistance? It's just enough that, oh, my wife was forcibly sterilized. I've therefore shown past persecution without anything more? Well, Your Honor, in this case the petitioner did testify that he certainly did not want his wife to be forcibly sterilized. I mean, I guess the definition of other resistance certainly has not been clearly defined. But I believe that he did show other resistance in the sense that he originally had refused to pay the fine and then he eventually conceded to it because he was threatened. And although he was not present, I believe, at the time his wife was forcibly sterilized, he said he had testified that he certainly, that was not something that he had agreed to. And as I said before, I believe that even in the fact that they had two extra children, or a total of three, is, again, other resistance or a defiance of China's course of population control policy. So, again, we're asking the court to take cumulatively all of these things together to show that the petitioner did have other resistance and that he also suffered past persecution. And, again, as I said before, the court in Hsu did not simply say, well, the person who sterilized suffered persecution. They had that as persecution to the couple because both of them cannot have children together anymore, regardless of what else happened. And I understand the per se rule that was quoted in JS and also Zhang. And, you know, if that is precedent, then we have to live with it. But the court in Zhang, of course, went with a totality of the circumstances and said that, yes, forced sterilization or forced abortion is certainly one factor. And in my mind, forced sterilization should be a very large factor in determining whether or not there is past persecution or not. And, again, you know, I don't believe that in this analysis that the board, I think, oversimplified the analysis by simply saying, well, there is no past persecution here. I don't believe that they looked at it in a totality of the circumstances. Okay. Why don't you save the rest of your time for rebuttal, and we'll hear from the government. Good morning, Your Honors, and may it please the Court. Michael Hyass on behalf of the Respondent, the Attorney General of the United States. I'd like to thank the Court for accommodating my interesting schedule today. Regarding whether or not the agency properly considered these events cumulatively, the agency's decision flatly belies any claim that they didn't. The board on Administrative Record Page 3 says, quote, accordingly cumulatively the Respondent has not established that he suffered past persecutions. I'm not sure what more the board needs to say than to demonstrate that prior to that having gone through each of the claimed incidents. There's no question that sterilization is an unfortunate event, and that's why there is so much case law on this and the subsequent clarification, as well as Congress amending the INA to include this other resistance requirement for spouses of victims of forced sterilization. We have, as Your Honors have noted, that he was forced to pay or at least levied two fines, only paid one of them. He was threatened with arrest but wasn't actually arrested. He was never detained. And then he was able to live essentially unharmed in China for 10 years before obtaining a visa through the Chinese government to come to the United States. It doesn't really make any sense that an individual who's a government target would be willingly given an opportunity to leave the country. Let me ask you this. Do you think it's the fact that he was able to remain in China for 10 years without it seems like nothing happening to him, that that's the key fact? Because, I mean, I'm just thinking, let's say that he was assessed the first fine, protested, was threatened. I can't remember, was he threatened with imprisonment or something if he didn't pay? They threatened to call the police. Okay. Well, right. And he said, okay, I pay that. You know, I certainly did resist it. I didn't want my wife to go through this. They imposed the second fine, and he says, all right, well, I'm not going to be able to come up with any more money to keep out of prison. I'm out of here. And he flees immediately to the United States. Do you think in that? Well, that's what happened in Jiang, as Your Honors noted. A little bit more happened to the petitioner. Well, right. That's part of it, though. The timing of what happened in Jiang definitely contributed to the obviousness or the link between what happened to that individual and the reason that individual came to the United States. The 10-year gap, that's substantial, especially for nothing to happen. He was able to continue working for the entire time, as far as we can tell. I mean, in Jiang, he was expelled from school. He was arrested, detained several times. He was denied the opportunity to marry. That's why I'm saying, to me, Jiang is just on a different order. I mean, a lot more happened to that petitioner. So I'm just trying to say, on these facts, if nothing more happened other than the assessment of the fine, you pay it under protest, they assess you another fine, and then you say, I have to get out of here, would that meet the other resistance standard? Well, that would be for the agency to determine in the first instance, and it's important to note that the fine as levied here, it's a question of whether or not that constitutes sufficient persecution. It can be economic persecution, sufficient hardship. A 9,000 RMB fine using the 1991 exchange rate is a little more than $600. And he came up with that in a matter of days. So there's nothing in the record to say he couldn't pay the $10,000 fine. It's just that he chose not to, and then nothing happened. So under the facts of this particular case, yes, we just – there is no showing of past persecution, nor any evidence of – or a reasonable – it's not a reasonable likelihood, a clear probability of future harm, especially given that his wife also has remained in China unharmed this entire time. There's not really any further harm that can be inflicted on her, is there? Well, it's – she could be subjected potentially to harm for his not having paid the fine. I mean, there's a family unit. The way it works in China, there's a – they're given, I believe, there's a list of a registry that the family has to be on and certain abilities to attend school and things like that for the children, and that certainly could be affected. There's no evidence of that here. I'm trying to remember the court's case that talks about that. There's a Seventh Circuit case on point on that. I could submit that to the court if the court so desires. But ultimately what we have here is obviously sterilization is an unfortunate event, but we don't have events involving this individual that subjected him to – rise to the level of persecution for him or any evidence that he faces future harm to that end. The court has no further questions? There's none. All right. Thank you. Thank you. We'll let you have your remaining time. You have about two and a half minutes for rebuttal. Yes, Your Honors. In this case, again, I want to reiterate that I believe that the case in Zhang's – you know, yes, they talk about a series of events that occurred to the Petitioner in that case. But, again, we believe that in this case the Petitioner's – the series of events that occurred to him are comparable to what happened in Zhang. I mean, in Zhang, essentially there was a fine and there was a forced abortion, which is comparable to what happened to the Petitioner in this case. Aside from that, the only other thing is is that he was detained essentially for one day in which there was no evidence of a beating of any kind and that he was expelled from school. So, again, I don't think that these are such horrible events that occurred to him, these two personal events, that would make this particular case so much less horrible, I suppose, than those of Zhang. And that is our argument here is that they are certainly comparable to what happened in Zhang. And in my estimation that a forced sterilization certainly is much worse than a forced abortion. And so that is why we believe that in this case past persecution should be found. Okay. All right. Thank you. We appreciate counsel's arguments. The case just argued will stand submitted.
judges: Smith, Noonan, Watford